Filed 9/10/24  P. v. Montoya CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098144 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE010379) |
| v. | |
| XAVIER ROBERT MONTOYA, | |
| Defendant and Appellant. | |

Defendant Xavier Robert Montoya pled no contest to voluntary manslaughter in February 2019 after initially being charged with murder.  On appeal Montoya claims the trial court erred in summarily denying his resentencing petition under Penal Code former section 1170.95, now section 1172.6.[1]  We conclude a person, like Montoya, who pled

---

[1]  Undesignated statutory references are to the Penal Code.

  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

guilty to manslaughter after statutory amendments eliminated imputed malice theories of murder liability is not eligible for resentencing as a matter of law. Because the trial court correctly found that the timing of Montoya's plea precluded him from eligibility for resentencing, we affirm its denial of the petition.

FACTUAL AND PROCEDURAL BACKGROUND

A first amended information charged Montoya with murder (§ 187, subd. (a)), shooting at an occupied vehicle (§ 246), and three counts of carrying a loaded firearm (§ 25850, subd. (a)); alleged criminal street gang enhancements (§ 186.22, subd. (b)(1)); and alleged Montoya personally discharged a firearm, causing great bodily injury (§ 12022.7).

In February 2019, Montoya pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted a personal firearm use allegation (§ 12022.5, subd. (a)). The trial court dismissed the remaining counts and allegations and sentenced Montoya to 11 years on the voluntary manslaughter charge and 10 years for the firearm enhancement, for an aggregate sentence of 21 years.

In 2022, Montoya filed a petition for resentencing pursuant to section 1172.6. Montoya claimed he was entitled to resentencing because he was originally charged with murder and pled no contest to voluntary manslaughter. He further claimed he could not be presently convicted of murder because of the changes to the law, arguing a "finder of fact did not conclude that [Montoya] actually killed [the victim]," Montoya did not directly aid and abet the offense with reckless indifference to human life, the trial court "expressed doubts about [Montoya's] membership in a gang," and "neither the [gunshot residue] nor [Montoya's] positioning in the car amounted to proof against [him]." Montoya asserted section 1172.6 applied to manslaughter convictions and "[i]t is undisputed that under the current state of the law . . . [Montoya] could not today be charged with murder under the facts of this case."

2

The People opposed the petition contending Montoya was ineligible for relief as a matter of law because neither felony murder nor the natural and probable consequences doctrine applied to voluntary manslaughter. The trial court issued an order to show cause directing the People to present all evidence proving beyond a reasonable doubt that Montoya is guilty of murder, as amended by section 1172.6.

The People subsequently filed a motion for reconsideration, arguing for the first time that Montoya was ineligible for resentencing as a matter of law because his plea was "based upon the law as it existed at the time of the disposition." The People further argued, "the only invalidated theory of imputed liability that could have attached under the facts of the case was the natural and probable consequences theory," which the amendments to section 1172.6 rendered invalid. Montoya replied arguing the prosecution "wrongly interpret[ed] the word 'presently' to mean that [Montoya] could not have been convicted of murder pursuant to the [natural and] probable consequences doctrine at the time he entered his plea. [Montoya] contend[ed] that the word 'presently,' in the context of a petition for relief pursuant to [section] 1172.6[, subdivision ](a)(3), means that [Montoya] could not be convicted at the time he filed his [p]etition for relief under [section] 1172.6[, subdivision ](a)(3)."

The trial court held a hearing, granted the motion, and, in turn, denied Montoya's petition. In its written order, the trial court explained its basis to deny the petition. The trial court found Montoya entered his plea "over a month after Senate Bill No. 775 became effective," which meant Montoya "could not have been prosecuted under an invalid theory, [and consequently] he [was not] eligible for resentencing under section 1172.6." It further addressed Montoya's argument that "section 1172.6 precludes the possibility that [Montoya] could have been convicted of murder," finding "[s]ection 1172.6 did not wholly negate the possibility that [Montoya] could be convicted of murder—it only limited the possible theories the People could have advanced at trial." Finding Montoya "received the benefit of the new law at the time of his plea," the trial

3

court concluded Montoya could not "benefit from it again" as a matter of law. Montoya filed a notice of appeal with this court in February 2023. His opening brief was filed in July 2023, and this case was fully briefed on April 16, 2024.

DISCUSSION

Montoya claims he qualifies for relief under section 1172.6 because he made the requisite prima facie showing to compel an evidentiary hearing. We disagree. We conclude the trial court correctly ruled Montoya did not meet his burden at the prima facie stage because at the time he entered into his plea agreement Montoya could not have been convicted of voluntary manslaughter based on imputed malice theories eliminated by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).

We review a trial court's denial of a section 1172.6 petition at the prima facie stage de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) It is axiomatic in American law that "when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing." (*McMann v. Richardson* (1970) 397 U.S. 759, 774.)

"Senate Bill 1437, which took effect January 1, 2019, was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lezama* (2024) 101 Cal.App.5th 583, 587 (*Lezama*); Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 substantively amended sections 188 and 189, and added what is now section 1172.6. As a result of Senate Bill 1437, defendants who could not be convicted under the law as amended became eligible to petition for resentencing. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

4

After its enactment, California courts "confronted . . . eligibility questions" regarding whether section 1172.6 only applied to defendants who had been convicted of attempted murder and manslaughter. (*Lezama*, *supra*, 101 Cal.App.5th at pp. 587-588.)

However, before the issue came before our Supreme Court, the Legislature passed Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which further amended section 1172.6 to " '[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (*Lezama*, *supra*, 101 Cal.App.5th at p. 588; Stats. 2021, ch. 551, § 1, subd. (a); Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended May 20, 2021, p. 5 [stating the legislative intent and the purpose behind Senate Bill 775].)

To establish a prima facie case for resentencing relief under the amended section 1172.6, a defendant must allege the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

Montoya asserts he qualifies for relief under section 1172.6 because he could have been erroneously convicted of an invalid theory of murder at the time he filed his resentencing petition in 2022. On the other hand, the People argue Montoya is not

5

entitled to relief under section 1172.6 because Senate Bill 1437 eliminated imputed malice theories related to voluntary manslaughter when he entered into his plea agreement. When statutory language has two reasonable interpretations, "we may . . . consider various extrinsic aids—including the legislative history—to the extent they are helpful in advancing the Legislature's purpose [and intent]." (*People v. Rodriguez* (2016) 1 Cal.5th 676, 686; *Lezama*, *supra*, 101 Cal.App.5th at p. 589.) "We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.)

*Lezama* is factually analogous and instructive to understand the legislative intent behind section 1172.6. In *Lezama*, as here, the defendant was originally charged with murder and later pled to voluntary manslaughter after January 1, 2019, when Senate Bill 1437 amended section 1172.6 to eliminate imputed malice theories of murder. (*Lezama*, *supra*, 101 Cal.App.5th at pp. 585-586.) The defendant then filed his resentencing petition in 2022 after Senate Bill 775 amended section 1172.6 to extend relief to those convicted of manslaughter. (*Lezama,* at p. 586.)

The court in *Lezama* held "persons who pled guilty to manslaughter after statutory amendments eliminated imputed malice theories of murder liability are not eligible for resentencing as a matter of law." (*Lezama, supra*, 101 Cal.App.5th at p. 585.) In reaching its decision, the *Lezama* court concluded the consistent statements in California Senate and Assembly reports demonstrated the legislative intent of the amendments to section 1172.6 was "to make relief available to defendants who were convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice. Thus, in the manslaughter plea context, the most reasonable reading of the third criterion for establishing resentencing eligibility is that at the time of conviction—i.e., the time the

6

plea was entered—the only way to a murder conviction was through an imputed malice theory." (*Lezama,* at p. 590; Assem. Com. on Public Safety, Rep. on Sen. Bill No. 775 (2021-2022 Reg. Sess.) as amended July 6, 2021, p. 7 ["[F]or resentencing to be granted, it would have to be established that the petitioner could not have been convicted of murder[,] attempted murder[, or manslaughter] under the law as it reads after January 1, 2019."].)

We agree with the rationale in *Lezama* and conclude, as a matter of law, Montoya cannot meet the criteria in section 1172.6, subdivision (a)(3) because the prosecution was not allowed to proceed on a theory of felony murder or the natural and probable consequences doctrine when Montoya entered into his plea agreement due to the "because of changes" language to sections 188 and 189 made effective on January 1, 2019. Because Montoya entered into his plea agreement in February 2019, he benefitted from the protections of section 1172.6 and is not eligible for resentencing. Accordingly, the trial court did not err in denying the petition.

DISPOSITION

The postjudgment order denying Montoya's petition for resentencing is affirmed.


                                        /s/
                              BOULWARE EURIE, J.


We concur:


     /s/
ROBIE, Acting P. J.


     /s/
RENNER, J.

7